## U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number: **08-04215-hb**

Adversary Proceeding Number: **09-80052-hb**

### ORDER ON MOTION TO DISMISS AND MOTION TO STRIKE

The relief set forth on the following pages, for a total of 10 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**08/03/2010**



US Bankruptcy Judge
District of South Carolina

Entered: 08/03/2010

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Joe Gibson's Auto World, Inc.,<br><br>                              Debtor, | C/A No. 08-04215-HB<br><br>Adv. Pro. No. 09-80052-HB |
| Joe Gibson's Auto World, Inc.,<br><br>                              Plaintiff(s),<br><br>vs.<br><br>Zurich American Insurance Company and<br><br>Universal Underwriters Insurance Company,<br><br>                              Defendants. | Chapter 11<br><br>**ORDER ON MOTION TO DISMISS AND MOTION TO STRIKE** |

These matters came before the Court for hearing on July 13, 2010, pursuant to the Motion to Dismiss (Zurich's Motion) filed by Zurich American Insurance Company ("Zurich") and the Motion to Strike (Universal's Motion) and the Motion for More Definite Statement filed by Universal Underwriters Insurance Company ("Universal") (Docket #140). This Order addresses the first two portions of that pleading but does not address the Motion for More Definite Statement. The Court ruled orally that it would grant that portion of that Motion and a separate Order will be entered. Below is a summary of the background of this case and allegations from Plaintiff's Amended Complaint ("Complaint") relevant to this Order:

**Facts**

The Complaint alleges that Joe Gibson's Auto World, Inc. ("Auto World") entered into an insurance contract ("Policy") with Zurich and/or Universal Underwriters Insurance Company ("Universal"), and that Auto World believes that Universal is a

> wholly owned subsidiary of Zurich or is otherwise affiliated with Zurich. Universal has voluntarily appeared in this action, has affirmatively asserted that it is, and should be, the proper Defendant to Plaintiff's claims, and has made itself a de facto defendant . . . . In an abundance of caution, Plaintiff names Zurich . . . and Universal . . . as Defendants in this proceeding . . . Zurich and/or Universal sold . . . policies of insurance to Plaintiff that are relevant to this action.

It is alleged that both Zurich and Universal are insurance companies operating in South Carolina, and that "upon information and belief, over 500 Consumer Claimants pursued civil claims against [Auto World], ASMC and or the Lenders,"[1] and Zurich and/or Universal assumed the defense for some of these claims arising under the Garage Part of the Policy. The Complaint alleges that ASMC and the Lenders have asserted claims for indemnification from Auto World for which Auto World is liable and that amounts exceed the coverage in the Garage Part of the Policy, and it believes it is covered for these claims under the Umbrella Part of the Policy.

The Complaint attaches "Exhibit A"[2]—a letter addressed to Patti Gay at what appears to be Zurich's Atlanta headquarters and which explicitly discusses Auto World's insurance policy with Zurich. The Complaint also attaches "Exhibit B"—a letter from Patti Gay to counsel for Auto World, with an address at the same Zurich location, printed on Zurich letterhead and

---

[1] "Consumer Claimants" are described in the Complaint as those Auto World customers who pursued civil claims against Plaintiff. "ASMC" is the car manufacturer, American Suzuki Motor Corporation, and the "Lenders" are described as "the lenders involved in the sale of vehicles to [the Consumer Claimants]."

[2] "Exhibit A" was referenced in and attached to the Complaint.

discussing coverage under the Policy.[3] Patti Gay's letter ("Exhibit B") denied coverage under the Umbrella Coverage Part. The Complaint states that Zurich and/or Universal have "affirmatively asserted and contended that Ms. Gay is employed by Zurich."

The Complaint states:

> Zurich and/or Universal have failed and refused without just cause or excuse to earlier provide a defense and later indemnification under the Umbrella Coverage Part despite Plaintiff's demands. Additionally, Zurich and/or Universal have failed and refused to assist Plaintiff in settling the claims against it covered by the Umbrella Coverage Part. Finally, Zurich and/or Universal failed to pay the benefits due under the policy . . . without reasonable cause or in bad faith.[4]

The allegations state that a Global Settlement Agreement ("GSA") was eventually executed between Auto World, ASMC, the Lenders, Zurich and/or Universal and the customer claimants on or about February 19, 2009, and later incorporated into Auto World's confirmed plan of reorganization, and that Zurich was a party to the GSA.

Facing significant litigation, Auto World filed for Chapter 11 bankruptcy protection on July 16, 2008. Auto World thereafter filed the Adversary Proceeding on April 1, 2009, naming Zurich as the Defendant and alleging causes of action for breach of contract, for bad faith refusal to pay a claim, for a declaratory judgment and later added a cause of action for bad faith refusal to settle a claim with a first party insured.[5] Zurich filed its Answer asserting that it had been incorrectly named and stating that Universal was the proper Defendant. On April 1, 2010, Auto World filed an Amended Complaint ("Complaint") which named both Zurich and Universal as defendants.

---

[3] "Exhibit B" is referenced in and attached to the Complaint.

[4] The Court assumes that this is a typographical error which should read "or in good faith."

[5] The bad faith failure to settle cause of action was first alleged in the Amended Complaint filed on April 30, 2010.

Zurich and/or Universal deny a breach of contract and/or bad faith, asserting that the claims pending against Auto World are not covered under the Umbrella Part. Zurich maintains that although it is named as a Defendant in this action, it has no contractual relationship with Auto World, and that this fact is a fatal flaw in Plaintiff's Complaint against that Defendant. The Complaint referenced but did not attach the Policy. The Court has, however, reviewed the Policy and it appears to contain no mention of Zurich.

## Analysis and Conclusions of Law

### Motion to Dismiss

Zurich filed a Motion to Dismiss Pursuant to FRCP Rule 12(b)(6) and FRBP Rule 7012. The Fourth Circuit has held that to survive a Rule 12(b)(6) motion to dismiss "factual allegations must be enough to raise a right to relief above the speculative level and have enough facts to state a claim for relief that is plausible on its face." *Mincey v. World Savings Bank, FSB; Golden West Financial Corp.; and Wachovia Corp.*, 614 F.Supp.2d 610, 619 (D.S.C. 2008) (quoting *Williams v. United States*, 257 Fed.Appx. 648, 649 (4th Cir. 2007)). "[A] court must accept the factual allegations of the complaint as true and must view the complaint in the light most favorable to the plaintiff". *Id.* (quoting *GE Investment Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001)). In deciding a 12(b)(6) motion, a court should "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *W. Ref. Yorktown, Inc. v. BP Corp. N. Am.*, 618 F.Supp.2d 513, 527 (D. Va. 2009) (citing *Eastern Shore Markets, Inc. v. J.D. Associates Ltd. Partnership*, 213 F.3d 175, 180 (4th Cir. 2000)). A 12(b)(6) motion does not test the merits of a claim nor the applicability of defenses. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Courts are not bound by the "legal conclusions drawn from the facts" *W. Ref.*

4

*Yorktown* 618 F.Supp.2d at 527 (citing *Eastern Shore Markets* 213 F.3d at 180). A complaint is sufficient where it provides the defendant sufficient notice of what the claim is and the grounds on which the claim rests such that the right to relief is above the "speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (U.S. 2007).

Zurich's Motion states that, "[Auto World's] contract of insurance is only with Universal, . . . and that "parent corporations are not liable for the contracts of their subsidiaries." Zurich argues that in the Complaint, there are no facts alleged which would entitle Auto World to relief from Zurich for breach of contract or for related bad faith claims. In its Memorandum filed in this matter Zurich further argues that the "mere allegation that Zurich is the parent company of Universal is not sufficient to state a cause of action against Zurich," and that failure to plead facts in support of its allegations warrants a 12(b)(6) dismissal.

At the Hearing on the Motion to Dismiss, Zurich asserted that the *Mincey* opinion should lead this Court to conclude that the 12(b)(6) dismissal would be proper. *Mincey* involved a class action mortgage dispute where the Plaintiffs sued their creditor, World Savings Bank ("WSB"), as well as WSB's parent corporation, Golden West Financial Corp ("GWF"), and GWF's parent corporation, Wachovia, on various claims including breach of contract and breach of the implied covenant of good faith and fair dealing. *Mincey*, 614 F.Supp.2d at 620. The Plaintiffs sued on numerous theories, in what that Court termed a "kitchen sink approach" including "agency, servitude, joint venture, division, ownership, subsidiary, alias, assignment, alter-ego, partnership or employment." *Id.* at 622. That Court found that the Plaintiffs included no facts in the Complaint to support those theories. *Id.* Regarding the breach of contract claim, the *Mincey* Court stated that "the contract at issue simply did not have [GWF and Wachovia] as parties to the agreement," ultimately leading to dismissal of that claim and of the related claim for breach

5

of the implied covenant of good faith and fair dealing. *Id.* at 628. *Mincey* articulated the standard of review for a Rule 12(b)(6) Motion to Dismiss as a "plausibility standard," whereby "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 619-20.

Auto World has not merely taken a "kitchen sink approach" to the legal theories underlying its claims against Zurich. Although the Policy referenced in the Complaint does not include Zurich as a party, the Complaint does allege that a contractual relationship exists between it and Zurich, that the contract was breached, and that it therefore has a breach of contract claim and related causes of action for bad faith claims. Auto World has also alleged the above referenced facts to support this allegation.

The Court concludes that Auto World's claims against Zurich set forth in the Complaint are sufficient to meet the "plausibility standard" of pleading recognized in *Twombly* and in the Fourth Circuit. *See Mincey* 614 F.Supp.2d at 619-20. Auto World has stated a claim in its Complaint which rises above the "speculative level." *Id.* at 619. Although the ultimate legal conclusion may be that Zurich is not liable in this matter, legal and factual determinations can be made at trial or in a subsequent Court proceeding. For now, however, Auto World's complaint is sufficient to withstand the minimal standards necessary to defeat a 12(b)(6) Motion. *See e.g. Ryan W. Hovis v. Anne L. Ducate*, C/A No. 06-80086-DD, slip op. (Bankr. D.S.C. Sept. 13, 2006) (holding that "while the claim does not mention specific instances, it does reasonably apprize the defendant of the claims against her and that is all that is required under the Federal Rules.").

Zurich also asserted that the Complaint does not comply with FRCP Rule 8 and FRBP Rule 7008. Rule 8(a) requires in part that a "short and plain statement of the claim showing that the pleader is entitled to relief" should be included in the pleading, and to determine if dismissal pursuant to 12(b)(6) is warranted, the essential issue is whether or not the allegations in the complaint comport with FRCP Rule 8(a). *Cincinnati Ins. Co. v. Cost Co.*, 2010 U.S. Dist. LEXIS 46387 (D. W. Va. 2010).

Zurich argues that Auto World has merely named Zurich as a defendant, and that this is insufficient to show that Auto World has grounds for relief. Zurich supports this assertion by relying on *Twombly* which states that the pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Zurich also cites a Fourth Circuit case, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844 (4th Cir. 1979) for the proposition that a claim based on conclusory allegations, unsupported by facts, should be dismissed pursuant to Rule 8(a)(2).

*Cincinnati Ins. Co.* involved facts and claims similar to this case. The *Cincinatti Ins. Co.* Court ordered a 12(b)(6) dismissal. Although the Plaintiff alleged that a contract existed between it and the Defendant, it did not sufficiently plead its causes of action because it essentially had no proof of the contract and of its terms. The Court went on to say that "[the Plaintiff] does not identify what provisions of the contract were breached. Because the plaintiff has produced no contract, the plaintiff's claims as to any duties and obligations are speculative." *Id.* at 8. Furthermore, that court noted that "Rule 11 requires that attorneys and litigants make a reasonable investigation of the law and facts before submitting a pleading and that [they] may not file suit hoping that discovery will later show that a claim was proper . . ." *Id.* (quoting *2 Moore's Federal Practice*, 11.11 (*Matthew Bender 3d ed.* 2000)). In that case, the court also

7

found that because the breach of contract claim was dismissed, the related negligence claim was also dismissed because it would not arise independent of the existence of a contract. *Id.* at 9. The case at hand is different than *Cincinnati Ins. Co.* in a key aspect—because it is undisputed that a contract exists. It is unclear whether that contract has any legally binding effect on Zurich, and this may have to be determined in the future by weighing the evidence. However, Auto World has pleaded its causes of action in its Complaint in a manner that is sufficient to survive dismissal at this early stage of the case. It has not offered only bare allegations that Zurich may be a party to the contract, but it has also included specific allegations evidencing Zurich's involvement. Zurich may ultimately prevail on its argument that it is not liable to Plaintiff, but the Complaint is sufficient to withstand Zurich's Motion at this time.

### Motion to Strike

Universal asks the Court to strike certain matters from the pleadings pursuant to FRCP Rule 12(f) and FRBP Rule 7012. FRCP Rule 12(f) states that the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fourth Circuit Courts have stated that FRCP 12(f) Motions to Strike are "generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Pierre v. Ozmint*, 2010 U.S. Dist. Lexis 16536 (D.S.C. Feb. 5, 2010) (quoting *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir., 2001)). Furthermore, a Motion to Strike has been held to be a "drastic remedy" which is "infrequently granted." *Id.* at 3 (finding that a motion to strike matter from an answer should not be granted unless the moving party shows that the material is so unrelated to the plaintiff's claims that it could not contribute to any defense, and it would be prejudicial to the moving party throughout the proceeding).

8

Universal moves to strike any references to damages sustained by third parties or to the monies paid by third parties from paragraphs 1, 8, 38, 42, 43, 44, 51, 52, 53, and 55 of the Amended Complaint (Docket # 109). Additionally, Universal requests that any mention of Zurich be stricken from the Complaint. They assert that beyond the extent that reference to these claims shows damages actually sustained by Auto World any reference thereto is prejudicial to Universal. Universal adds that these "immaterial" assertions may confuse a jury and may create sympathy for the parties.

Auto World states that the claims at issue are not prejudicial because there is no jury in this case, and the Judge is already aware that the indemnification claims suffered by third parties are at issue under the Policy. Additionally, Plaintiff confirmed at the hearing on this Motion that it is not pursuing its demand for a jury trial.

For the reasons set forth in the discussion of the Motion to Dismiss, the Motion to Strike any mention of Zurich from the Complaint is denied. Further, given the disfavor with which such a Motion is viewed in the Fourth Circuit, and the fact that a jury trial is not anticipated, Universal has not met its burden necessary to show that the statements made in Auto World's pleadings are prejudicial. The remainder of the Motion to Strike is therefore denied.

**IT IS THEREFORE, ORDERED**:

1. Zurich's Motion to Dismiss is denied.

2. Universal's Motion to Strike is denied.

**AND IT IS SO ORDERED.**