**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **08-04215-hb**
Adversary Proceeding Number: **09-80052-hb**

### ORDER ON MOTION FOR A MORE DEFINITE STATEMENT

The relief set forth on the following pages, for a total of 7 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**08/03/2010**



*US Bankruptcy Judge*
District of South Carolina

Entered: 08/04/2010

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re, | C/A No. 08-04215-HB |
| Joe Gibson's Auto World, Inc., | |
| Debtor, | Adv. Pro. No. 09-80052-HB |
| | Chapter 11 |
| Joe Gibson's Auto World, Inc., | **ORDER ON MOTION FOR A MORE DEFINITE STATEMENT** |
| Plaintiff(s), | |
| vs. | |
| Zurich American Insurance Company and Universal Underwriters Insurance Company, | |
| Defendants. | |

This matter came before the Court for hearing on July 13, 2010, pursuant to the Motion for More Definite Statement filed by Universal Underwriters Insurance Company ("Universal") (Docket #140).

### Background

On November 1, 2006, Joe Gibson's Auto World, Inc. ("Auto World") and/or Zurich American Insurance Company ("Zurich") and Universal Underwriters Insurance Company ("Universal") entered into a mutually binding insurance contract ("Policy"). Universal is a subsidiary of Zurich. Zurich maintains that it has no contractual relationship with Auto World.

The Policy was divided into multiple sections, providing different types of coverage. The relevant parts include the Garage Unicover Coverage Part 500 ("Garage Part") and the Umbrella

Unicover Coverage Part 980 ("Umbrella Part"). The initial policy ended on November 1, 2007 and was renewed for the period of November 1, 2007 to November 1, 2008 ("Policy Period"). During the Policy Period, several hundred Auto World customers allegedly filed civil claims against Auto World, the car manufacturer ("ASMC"), and several involved lenders. ASMC and several lenders have allegedly asserted cross claims for indemnification from Auto World. Zurich and/or Universal assumed the defense for several of the claims arising under the Garage Part. Auto World alleges that it is liable for claims of which the amounts exceed the coverage in the Garage Part, and that it is covered for these claims under the Umbrella Part. A Global Settlement Agreement ("GSA") was made between Auto World, ASMC, the lenders, Defendants and the customer claimants on or about February 19, 2009, and later incorporated into Auto World's confirmed plan of reorganization.

Auto World filed for Chapter 11 bankruptcy on July 16, 2008. Auto World filed the Adversary Proceeding on April 1, 2009, naming Zurich as the Defendant, and alleging causes of action for breach of contract, bad faith refusal to pay a claim, and later added a cause of action for bad faith refusal to settle a claim.[1] Zurich filed its Answer on May 1, 2009 asserting that it had been incorrectly named as a defendant. On April 30, 2010, Auto World filed an Amended Complaint which named both Zurich and Universal as Defendants. Defendants deny a breach of contract and/or a bad faith refusal to pay a claim, asserting that the claims pending against Auto World are not covered under the Umbrella Part.

Paragraph 13 of the Amended Complaint states that "[s]everal customers . . . began asserting civil claims against Plaintiff, [ASMC], and/or the lenders involved in the sale of vehicles to those customers (hereinafter 'Lenders')." It continues, "These claims arose, at least

---

[1] The bad faith refusal to settle claim was first alleged in the Amended Complaint filed on April 30, 2010.

in part, from allegations regarding certain sales practices utilized by Plaintiff. Those customers asserting civil claims against Plaintiff, ASMC and/or the Lenders shall hereinafter be collectively referred to as "Consumer Claimants." Paragraph 18 states that "[Defendants] assumed the defense of certain claims asserted against Plaintiff by Consumer Claimants under the Garage Coverage Part." Plaintiff asserts in Paragraph 35 that "Plaintiff is informed and believes that coverage is available under the Umbrella Coverage Part for some or all of the claims asserted against it by the Consumer Claimants." Paragraph 41 states that Defendants "breached the contract of insurance between the Plaintiff and [Defendants] by failing without just cause or excuse to pay benefits due under the Policy," and in paragraph 44 that "Plaintiff is entitled to recover . . . damages as shall fairly . . . compensate Plaintiff and those parties asserting covered claims against Plaintiff for their losses." Paragraph 47 alleges that Defendants "wrongfully refused to provide coverage and/or pay benefits available under the Policy in an effort to avoid payment of the monies due to Plaintiff for the payment of claims asserted against it by creditors, claimants in interest and/or other parties injured as a result of covered claims." The Amended Complaint refers to "Consumer Claimants" in paragraphs 13, 14, 16, 17, 18, 19, 20, 25, 26, 29, 30, 31, 34, 35, 43 and 52 and "Lenders" in paragraphs 13, 14, 15, 16, 17, 19, 20, 22, 23, 25, 26, 27, 30, 31, 34, 36, 42 and 51.

**Analysis and Conclusions of Law**

Universal filed a Motion for a More Definite Statement pursuant to FRCP Rule 12(e) and FRBP Rule 7012. FRCP Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." To comply with Rule 12(e), Auto World must prove the relevant contract, the basic contents of that contract, and the

3

pertinent parties to the contract. *See Khalid Bin Talal Bin Abdul Azaiz Al Seoud v. E.F. Hutton & Company*, Inc. 720 F.Supp. 671, 685 (N.D.Ill.1989). In deciding a Motion for a more Definite Statement, the Fourth Circuit has held that the plaintiff must only "allege facts sufficient to state elements" of the claim. *Chao v. Rivendell Woods, Inc.*, 415 F. 3d 342, 349 (4th Cir. N.C. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. N.C. 2002)). Furthermore, "the sufficiency of a complaint does not depend on whether it provides enough information to enable a defendant to 'prepare a defense,' but merely whether the . . . 'allegations are detailed and informative enough to enable the defendant to respond.'" *Chao v. Rivendell Woods, Inc.*, 415 F. 3d at 349 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1215, at 193 (3d ed. 2004)).

Universal asserts in its Memorandum in Support of its Motion that Auto World has insufficiently identified some of the claims for which it is entitled to relief from Universal, that certain allegations in the complaint contain vague language, and that Auto World has insufficiently identified the portions of the insurance contract which entitle it to relief for certain alleged claims.

This Court agrees the phrases "asserting civil claims," "lenders involved in the sale of vehicles," "these claims," "certain sales practices," and "these civil claims" in paragraph 13 of the Amended Complaint are ambiguous. Therefore, Plaintiff must make a more definite statement in paragraph 13 as to which civil claims were asserted, when, by whom, and which sales practices were utilized by Plaintiff. Also, the date on which the Plaintiff requested coverage for each claim needs to be identified.

4

The phrase "certain claims" in paragraph 18 is ambiguous, and Plaintiff must make a more definite statement as to which claims it alleges were asserted against Defendants, when, by whom, and the date the claims were sent to Defendants.[2]

Paragraph 35 must be made more definite by defining what theory of coverage Plaintiff claims is available, and for which specific claims that coverage is claimed to apply.

Paragraph 41 shall be made more definite in that Plaintiff must define how Defendants breached the contract, what benefits it failed to pay, and for which claimants those allegations correspond.

Paragraph 44 shall be made more definite in that Plaintiff must explain what damages it is seeking, what other parties are asserting covered claims against Plaintiff, and the theory by which such damages are recoverable by each party.

Paragraph 47 must be made more definite to specifically identify what coverage Defendants failed to provide, what claims were asserted against Plaintiff and when, which individuals asserted these claims, and which specific parties were "injured as a result of the covered claims."

This Court also finds that the terms "Consumer Claimants" and "Lenders" as used throughout the pleading are ambiguous and require clarification. This Court further finds that Auto World failed to state which portions of the insurance contract entitle it to coverage for the asserted claims, the manner in which the contract was breached, the identification of the underlying claims asserted against it which should have been covered, and how Auto World has

---

[2] The Court notes that if only one "claimant" and one "civil claim" were involved, these details would be required. There is no logical reason to require less of a Plaintiff simply because multiple parties are involved.

5

been damaged as a result. For the reasons herein stated, Universal's Motion for More Definite Statement is granted.

**IT IS THEREFORE, ORDERED**:

1.    Universal's Motion for More Definite Statement is granted.

2.    Auto World must amend their Amended Complaint to comply with FRCP Rule 12(e) and must make the changes set forth herein within thirty (30) days from the date of this Order.

**AND IT IS SO ORDERED.**