**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number:  **08-04215-hb**
Adversary Proceeding Number:  **09-80052-hb**

**ORDER**

The relief set forth on the following pages, for a total of 6 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**08/10/2010**



US Bankruptcy Judge
District of South Carolina

Entered: 08/10/2010

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Joe Gibson's Auto World, Inc.,<br>Debtor(s). | C/A No. 08-04215-HB<br><br>Adv. Pro. No. 09-80052-HB |
| Joe Gibson's Auto World, Inc.,<br><br>Plaintiff(s),<br><br>v.<br><br>Zurich American Insurance Company<br>Universal Underwriters Insurance Company,<br>Defendant(s). | Chapter 11<br><br>**ORDER** |

This matter came before the Court pursuant to Defendants' Motion to Alter or Amend Order Regarding Plantiff's Motion to Compel and Motion for Protective Order ("Motion to Alter Order") (Docket #s 136, 137). On July 30, 2010, the Court entered an Order disposing of several matters raised in that Motion. This Order deals with the remaining portion of the Motion to Alter, which requests that the court reconsider its prior decision requiring Defendants to produce documents identified in its Second Amended Privilege Log, Items 16, 17, 18 and 29.

Defendants assert a work product privilege in several documents, prepared by non-attorneys associated with Defendants, that they claim were prepared in anticipation of litigation. Further, Defendants argue that each of the items was created after Plaintiff's bankruptcy counsel notified Defendants that Plaintiff intended to file this adversary proceeding. In the Privilege

Log, Defendants relied on the date the documents were created to demonstrate that they were created in anticipation of litigation. Defendants argued that, as a result, the burden shifts to the party seeking discovery to demonstrate the substantial need for the documents and the undue hardship presented if the documents are not produced.

The content of the prior Order on the Motion to Alter (Docket #166) is incorporated herein by reference. That Order required Defendants to present the documents in question to the Court for an *in camera* review to determine if the work product privilege shields the documents from discovery.

Rule 26(b)(3) of the Federal Rules of Civil Procedure is essentially a codification of the work product privilege recognized by the United States Supreme Court in *Hickman v Taylor*, 329 U.S. 495 (1947). Rule 26(b)(3) provides: "Ordinarily, a party may not discover documents . . . prepared in anticipation of litigation . . . by or for another party or its representative . . . ." Fed. R. Civ. P. 26(b)(3)(A). However, documents prepared in anticipation of litigation may be discovered if "(i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party seeking discovery of the documents shows (a) it has substantial need for the materials to prepare its case and (b) cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(i)-(ii). Rather than protecting a client's confidential communications, the work product privilege creates a "zone of privacy" for the attorney to "think, plan, weigh facts and evidence, candidly evaluate a client's case, and prepare legal theories." *Coastal States Gas Corp. v. Dept. of Energy*, 617 F.2d 854, 864, 199 U.S.App. D.C. 272 (1980).

The Fourth Circuit has held that the burden to establish that a document is subject to the work product privilege is on the party seeking protection and the burden to show that a document

2

protected by the work product privilege should nonetheless be produced is on the party seeking production. *In re Ingram*, 98-05909-W (Bankr. D.S.C. April 15, 1999).

The South Carolina District Court has recognized that the plaintiff in a first party insurance bad faith case has a substantial need for the documents contained in the insurer's claims file:

> Whether [Defendant] properly investigated the case, whether it sought and followed advice and recommendation of its agents, adjusters and attorneys, are facts which are surely relevant to the issue of its negligence, recklessness, and bad faith in not settling the prior case. Evidence of these matters, if any exists, are in the files of [Defendant] and may be quite necessary as proof of an unreasonable and arbitrary attitude on the part of [Defendant] in not settling the cases when advised to do so. Such evidence is not otherwise available to [Plaintiff] in advance of trial. [Plaintiff] cannot properly prepare and try [its] case without this information; the denial of [its] Motion will result in hardship and prejudice; and the production of such items will aid substantially in proving [its] cause of action . . . .

*Chitty v. State Farm Mutual Automobile Ins. Co.,* 36 F.R.D. 37, 40 (D.S.C. 1964). Courts in other jurisdictions have applied the same or similar reasoning in holding that the work product privilege does not apply to materials contained in the insurer's claims file:

> [B]ad-faith actions against an insurer, like actions by client against attorney, patient against doctor, can only be proved by showing exactly how the company processed the claim, how thoroughly it was considered and why the company took the action it did. The claims file is a unique, contemporaneously prepared history of the company's handling of the claim; in an action such as this the need for the information in the file is not only substantial, but overwhelming.

*Brown v. Superior Court*, 670 P.2d 725, 734 (Ariz. 1983) (citing *APL Corp. v. Aetna Cas. & Surety Co.*, 91 F.R.D. 10, 13-14 (D.Md. 1980)).

Documents prepared by an insurer in the ordinary course of business are not entitled to work product protection. *McDougall v. Dunn,* 468 F.2d 468, 473 (4th Cir. 1972). The Fourth Circuit Court of Appeals has held:

3

> *[A]ny* report or statement made by or to a party's agent (other than to an attorney acting in the role of counsellor), which has not been requested by nor prepared for an attorney nor which otherwise reflects the employment of an attorney's legal expertise must be conclusively presumed to have been made in the ordinary course of business and thus not within the purview of the limited privilege of . . . Rule 26(b)(3) . . . .

*McDougall,* 468 F.2d at 473 (emphasis in original).

Defendants assert that in the Fourth Circuit, it is not necessary for documents to have been prepared by, for, or at the direction of an attorney, stating, "[t]here is no requirement that the documents be prepared for or at the request of counsel". *See, however, O'Bar and Pearce v. Lowe's Home Centers, Inc.*, 2006 U.S. Dist. Lexis 82081 (Nov. 8, 2006) (finding that the work product privilege did not apply where the document did not originate from or at the direction of counsel). *See Better Gov't Bureau v. McGraw (In re Allen)*, 106 F.3d 582, 607 (1997) (stating, "[t]o qualify for protection under the work product doctrine, a lawyer must create the document in anticipation of litigation).

After a review of the documents, the Court finds that the assertion that they were prepared in anticipation of litigation is not supported by the documents themselves on the facts of this case. Although the documents mention attorneys (Clay Walker, employed by Defendants to represent Plaintiff in the consumer claim matters) and litigation by the consumer claimants, and mention a coverage conflict between Plaintiff and Defendants, they appear to be prepared by non-attorneys in the ordinary course of business as was necessary to document, manage and resolve the underlying consumer claims, independent of this dispute between Plaintiff and Defendants.

After a review of the documents, the Court finds that the Defendants have not met their burden of showing that they are protected by the work product privilege and they must be produced to Plaintiff.

**IT IS THEREFORE, ORDERED**:

1.	That Defendants' Motion to Alter or Amend Order Regarding Plaintiff's Motion to Compel and Motion for Protective Order is granted for the purpose of entry of this Order clarifying the Court's prior decision only;

2. That the documents labeled on Defendants' Second Amended Privilege Log, Items 16, 17, 18 and 29, must be provided to Plaintiffs within ten (10) days from entry of this Order.

**AND IT IS SO ORDERED.**