**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **08-04215-hb**
Adversary Proceeding Number: **09-80052-hb**

**ORDER**

The relief set forth on the following pages, for a total of 4 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**08/10/2010**



*(signature)*
US Bankruptcy Judge
District of South Carolina

Entered: 08/10/2010

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re, <br><br> Joe Gibson's Auto World, Inc., <br><br> Debtor, | C/A No. 08-04215-HB <br><br> Adv. Pro. No. 09-80052-HB |
| Joe Gibson's Auto World, Inc., <br><br> Plaintiff(s), <br><br> vs. <br><br> Zurich American Insurance Company and <br><br> Universal Underwriters Insurance Company, <br><br> Defendants. | Chapter 11 <br><br> **ORDER ON DEFENDANTS' MOTION TO COMPEL** |

This matter comes before the Court pursuant to Defendants' Motion to Compel Plaintiff (Docket #142) to produce certain documents. This is one of a series of discovery Orders issued by the Court in this matter. Reference to those Orders is made for a complete history of the case.[1]

Defendants served discovery requests on Plaintiff.[2] Plaintiff objected to the production of certain documents claiming that production of some was not required because they are protected by the attorney-client privilege. Plaintiff provided an Amended Privilege Log

---

[1] See Discovery Orders at docket nos. 118, 166 and 174.

[2] Defendant Zurich has repeatedly asserted that the proper party is Universal Underwriters Insurance Company, and the Court recently granted Plaintiff's Motion to add that company as an additional Defendant, over the Objections of Defendants. Defendants assert that only Defendant Universal should be named. Hereinafter for convenience the Court will make reference generically to "Defendants" for the purposes of this Order only. Any statements of fact or conclusions of law using the term "Defendants" shall not be interpreted as a finding as to whether either Defendant is the proper party.

identifying and describing documents and stating the privilege claimed. The documents in question are labeled as Amended Privilege Log Items 1-25. The attorney involved is Clay Walker, hired by Defendants to represent Plaintiff as a result of a contract for insurance. The relevant facts from the prior Order on Defendants' Motion to Alter or Amend (Docket #166) are incorporated herein, as well as the portions of that Order discussing the attorney-client privilege and the common interest doctrine.

A tripartite relationship existed between Plaintiff, Defendants and Walker and communications made between the three parties during the time of common representation, relating to the defense of the underlying claims, are subject to the common interest doctrine. Some courts have found that such a relationship presupposes the absence of secrecy between the parties. *See Eureka Inv. Corp., N.V. v. Chicago Title Ins. Co.*, 743 F.2d 932, 937 (D.C. Cir. 1984). However, the common interest doctrine does not preclude all communications within the tripartite relationship from claims of privilege by another party to that relationship. The privilege still attaches regarding communications unrelated to the defense of the underlying claims and to issues adverse between the insurer and the insured. *Nationwide Mut. Fire Ins. Co. v. Bourlon*, 172 N.C. App. 595, 605 (N.C. Ct. app. 2003).

After an *in camera* review of the documents and applicable authority, the Court finds that documents listed as Plaintiff's Amended Privilege Log Item 1, 2, 4 and 5 must be produced by Plaintiff as they are related to the common defense of the underlying claims. Amended Privilege Log # 3 appears unrelated to the underlying defense claims and is thus entitled to protection.

Amended Privilege Log Items 6 – 25 are legal invoices or related documents. The Fourth Circuit has held that "the attorney-client privilege normally does not extend to the payment of attorney's fees and expenses." *United States v. Under Seal (In re Grand Jury Proceedings)*, 33

F.3d 342, 354. The *Under Seal* Court, after an *in camera* review, stated that it "was not convinced that any of the [billing records, expense reports, and travel records of counsel] would reveal a confidential communication." *Id.* Privilege Log Items 7-25 are documented as invoices from the law firm of Walker & Reibold, L.L.C. to Joe Gibson, and are described in Plaintiff's Amended Privilege Log as "include[ing] Attorney Walker's mental impressions and trial strategies regarding the underlying litigation." After an *in camera* review, this Court finds that the documents listed in the Amended Privilege Log as Items 6-12, 22 and 23 are not protected by the attorney-client privilege and must be produced by Plaintiff upon a finding of relevance in accordance with FRCP Rule 26(b)(1) and FRBP Rule 7026(b)(1). FRCP Rule 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." The Court will not exclude the documents in question on the grounds of relevance at this time. Amended Privilege Log Items 13-21, 24 and 25 contain "confidential communications" and are thus protected by the attorney-client privilege. However, they relate to the common interest of the two Parties in the underlying defense claims and are therefore discoverable to Defendants in accordance with the common interest doctrine. Accordingly, Plaintiff must produce these documents.

**IT IS THEREFORE, ORDERED**:

1. Defendants' Motion to Compel is denied in part and granted in part.
2. Plaintiff must produce the documents listed in the Amended Privilege Log Items 1, 2, 4-25.
3. Plaintiff is not required to produce the document listed in the Amended Privilege Log Item 3.

**AND IT IS SO ORDERED.**