## U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number:  **08-04215-hb**
Adversary Proceeding Number:  **09-80052-hb**

## ORDER

The relief set forth on the following pages, for a total of 5 pages including this page, is
hereby ORDERED.

**FILED BY THE COURT**
**09/03/2010**



US Bankruptcy Judge
District of South Carolina

Entered: 09/03/2010

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Joe Gibson's Auto World, Inc.,<br><br>Debtor(s). | C/A No. 08-04215-HB<br><br>Adv. Pro. No. 09-80052-HB<br><br>Chapter 11 |
| Joe Gibson's Auto World, Inc.,<br><br>Plaintiff(s),<br><br>v.<br><br>Zurich American Insurance Company and<br>Universal Underwriters Insurance Company,<br><br>Defendant(s). | **ORDER** |

THIS MATTER comes before the Court on Plaintiff's Motion to Alter or Amend. The Motion requests that the Court reconsider its Order Granting Defendant Universal Underwriters Insurance Company's Motion for More Definite Statement.

### Background

Joe Gibson's Auto World, Inc., a Chapter 11 debtor in a related case in this Court, filed this adversary proceeding on April 1, 2009, against Defendant Zurich American Insurance Company. This lawsuit involves hundreds of claims asserted in various ways over a two year period against Plaintiff and others rather than a single transaction. As a result of those claims and Plaintiff's insurance policies, Plaintiff asserts claims against Defendants herein. Defendant Zurich filed an Answer and Counterclaim on May 1, 2009, and amended its Answer on May 5, 2009. Plaintiff answered the Counterclaim on May 21, 2009. The Court entered an Order on September 29, 2009 (Docket #23), providing that the matters presented in this adversary case are core proceedings as defined by 28 U.S.C.

§ 157(b)(2)(O).  Zurich subsequently filed a Motion to Reconsider, Alter or Amend that decision and that request was denied (Docket # 32).

Plaintiff filed a Motion to amend its Complaint, which amendment included a request to add Universal as a defendant, and the Court granted that Motion by its Order entered on April 27, 2010 (Docket # 107).  The Order provided that "changes are extensive and if appropriate and necessary, Defendants are free to challenge the Amended Complaint or any portion thereof pursuant to Rule 12(b)(6) or any other relevant motion, [or] ask the Court to revisit the core/non-core issue . . . ."  Thereafter, the Court dealt with numerous contested discovery matters pending between the parties, and Plaintiff and Defendants submitted and the Court entered a consent order extending the time to answer the Amended Complaint until June 9, 2010 (Docket # 134).

On June 9, 2010, Defendants filed Motions including a request to dismiss Zurich as a Defendant, for a more definite statement and to strike certain portions of the Amended Complaint.  Plaintiff and Universal briefed the issues outlined by the Motions and the Court held a hearing on July 13, 2010.  At the hearing, counsel for Plaintiff expressed his willingness to amend the Complaint if necessary.  The Court entered an Order on August 3, 2010 (Docket # 168) denying the request to dismiss and strike, and an Order requiring a more definite statement (Docket #169), which is incorporated herein by reference.

Plaintiff filed this Motion asking the Court to reconsider its order requiring a more definite statement on August 18, 2010. That Motion contains detailed facts and legal arguments not previously presented.  Defendants filed a Response to the Motion on September 2, 2010.

**Motions to Reconsider**

The basis for the relief sought is Rule 59(e) of the Federal Rules of Civil Procedure, made applicable by Rule 9023 of the Federal Rules of Bankruptcy Procedure. The Fourth Circuit has recognized that a prior order may be altered or amended to accommodate intervening changes in controlling law, account for new evidence not available at trial, to correct a clear error of law, or to prevent manifest injustice. *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* In general "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1 at 124 (2d ed. 1995)). Interlocutory orders may be reconsidered or revised prior to entry of final judgment. *In re Palumbo Family P'ship*, 182 B.R. 447, 464 (Bankr. E.D. Va. 1995); *see also Kadlecek v. Ferguson (In re Ferguson)*, 210 B.R. 785 (Bankr. N.D. Ill. 1997) ("A court may grant a motion to reconsider an interlocutory order 'as justice requires.'"). However, "as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (U.S. 1988).

After multiple reviews of the record and applicable authorities, the Court finds that Plaintiff's Motion fails to show extraordinary circumstances or demonstrate any "manifest injustice" in the Court's decision to require Plaintiff to provide a more definite statement as

outlined in the August 3 Order.  Further, on these unusual facts this requirement should significantly assist the Court and the parties in defining disputes as this matter moves forward.

**THEREFORE, IT IS ORDERED THAT**

1.  Plaintiff's Motion to Alter or Amend (Docket # 181) is **DENIED.**

2.  Plaintiff must comply with the Court's August 3 Order (Docket # 169) within twenty (20) days from entry of this Order.

**AND IT IS SO ORDERED.**