**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **08-04215-hb**
Adversary Proceeding Number: **09-80052-hb**

### ORDER ON MOTION FOR SANCTIONS

The relief set forth on the following pages, for a total of 9 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**09/22/2010**



US Bankruptcy Judge
District of South Carolina

Entered: 09/23/2010

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Joe Gibson's Auto World, Inc.,<br><br>            Debtor(s). | C/A No. 08-04215-HB<br><br>Adv. Pro. No. 09-80052-HB<br><br>Chapter 11 |
| Joe Gibson's Auto World, Inc.,<br><br>            Plaintiff(s),<br><br>v.<br><br>Zurich American Insurance Company<br>Universal Underwriters Insurance Company,<br><br>            Defendant(s). | **ORDER** |

    This matter came before the Court for hearing on August 25, 2010, pursuant to Defendants' Motion and supporting documents (Docket # 164) requesting that the Court order sanctions against Plaintiff and its counsel, Daryl G. Hawkins and his law firm, pursuant to Fed. R. Civ. P. 37(b)(2) (Fed. R. Bankr. P. 7037(b)(2)) and SC LBR 7030-1(j).[1] Defendants contend that Plaintiff and its counsel improperly disrupted the deposition of Paul Michael ("Joe") Gibson commenced on July 16, 2010. The Court has entered an Order partially resolving Defendants' Motion.[2] This Order addresses the remainder of the Motion. Defendants' Motion demands costs and fees incurred as a result of the disruption of the deposition.

---

[1] After the initial reference all rules will be referred to by number only unless additional information is necessary for clarification.

[2] The prior Order is incorporated herein by reference. (*See* Docket # 200).

**Discussion and Conclusions**

The applicable local discovery rule is SC LBR 7030-1(j). Pursuant to 7030-1(j), "[v]iolation of this Local Rule [7030-1] shall be deemed to be a violation of a court order and shall subject the violator to sanctions under Fed. R. Civ. P. 37(b)(2)." SC LBR 7030-1(j).[3] "Rule 37 of the Federal Rules of Civil Procedure requires all parties to comply with discovery requests and any court orders regarding discovery. If a party fails to comply, the court may issue sanctions against that party, including the dismissal of the party's action." *Whatley v. SC Dept. of Pub. Safety*, 2007 WL 120848, 12 (D.S.C. 2007). Fed. R. Civ. P. 37(b)(2) states that:

> *Sanctions in the District Where the Action Is Pending.*
> **(A)** *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> **(iii)** striking pleadings in whole or in part;
> **(iv)** staying further proceedings until the order is obeyed;
> **(v)** dismissing the action or proceeding in whole or in part;
> **(vi)** rendering a default judgment against the disobedient party; or
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination . . . .
> . . . .
> . . . . **(C)** *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2).

---

[3] The prior Order contains a thorough discussion of the facts of this case and Rule 7030-1.

2

In order to impose a sanction dismissing the case, the Fourth Circuit has held that four factors must be taken into consideration by the court. The court must consider: (1) whether the non-complying party acted in bad faith; (2) the degree of prejudice suffered by the other parties as a result of the failure to comply; (3) the deterrence value of dismissal as a sanction for this sort of non-compliance; and (4) the efficacy of a less drastic sanction. *See Mut. Fed. Sav. and Loan Ass'n v. Richards & Assoc., Inc.*, 872 F.2d, 88, 92 (4th Cir. 1992). "The Fourth Circuit has recognized lesser sanctions can include any court orders that clearly contemplate punishment for noncompliance and that pursue subsequent conformity." *PVD Plast Mould Indus., Ltd. V. Polymer Group, Inc.*, 2001 WL 1867801, 12 (D.S.C. 2001).

Under Fed. R. Civ. P. 30(d)(2)[4], "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

> In all proceedings, including those governed by the Federal Rules of Civil Procedure governing discovery, there is a duty imposed upon counsel to deal fairly and sincerely with the court and opposing counsel as to conserve the time and expense of all, and that actions may be litigated in an orderly manner.

*Morales v. Zondo, Inc.*, 204 F.R.D. 50, 57 (S.D.N.Y. 2001). "Sanctions are warranted only if the attorney's conduct 'manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Higginbotham v. KCS Intern., Inc.*, 202 F.R.D. 444, 459 (D. Md. 2001) (quoting *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 265 (10th Cir. 1995)).

Defendants claim that Plaintiff's counsel, Mr. Hawkins, acted in a sanctionable manner when he asserted that SC LBR 7030-1(h) applied to his conversations with the

---

[4] Fed. R. Civ. P. 30 is made applicable by Fed. R. Bankr. P. 7030. Fed. R. Bankr. P. 7030 ("Rule 30 F. R. Civ. P. applies in adversary proceedings.").

3

witness, Mr. Gibson, at the time of the deposition. Defendants claim that Mr. Hawkins' assertion of rights under 7030-1(h) obstructed the deposition and amounted to unnecessary delay and additional costs and attorney's fees. Defendants also claim that Mr. Hawkins violated 7030-1(e) by improperly counseling Mr. Gibson after his deposition had begun.

"Sanctions are warranted only if the attorney's conduct 'manifests either **intentional or reckless disregard** of the attorney's duties to the court.'" *Higginbotham*, 202 F.R.D. at 459 (quoting *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 265 (10th Cir. 1995) (emphasis added)). If counsel's claim is based on a good-faith dispute and not intended merely to delay or frustrate the deposition, it is not sanctionable conduct. *See Booker v. Mass. Dept. of Pub. Health*, 498 F.Supp.2d 383, 384 (D. Mass. 2007) (finding that defense counsel should be monetarily sanctioned for certain objections to Plaintiff's line of questioning that were frivolous and for interruptions that constituted improper coaching. However, counsel's withholding of the witness's personnel file was based on a good-faith dispute; thus, it was not sanctionable conduct.).

In an employment discrimination case, a court imposed sanctions against the employer's counsel (Nelson) under Fed. R. Civ. P. 30(d)(2) for continually disrupting the deposition of the employer-defendant's principal. *See Morales v. Zondo, Inc.*, 204 F.R.D. 50 (S.D.N.Y. 2001). During the deposition, "Nelson's detailed objections, private consultations with the witness, instructions not to answer, instructions how to answer, colloquies, interruptions, and ad hominem attacks disrupted the examination of [employer's principal] and protracted the length of the deposition." *Id.* at 54. The court found that:

> Nelson's interruptions were pervasive and clearly intended to cause problems for [opposing counsel] in his examination. Nelson appears on more than 85 percent of the pages of the deposition transcript (216/241) with statements

4

>other than an objection as to form or a request to the court reported to read back a question.

*Id.* Based on these findings, the court held that Nelson repeatedly crossed the line and was subject to sanctions for his misbehavior.

The court reasoned that "Nelson's conduct was presumably undertaken as part of his zealous representation of the interest of his client . . . . But such 'zealous representation has its limits.'" *Id.* at 57. The court held that Nelson's conduct exceeded that limit and therefore imposed monetary sanctions under Fed. R. Civ. P. 30(d)(2) for frustrating the deposition and unnecessarily prolonging the proceedings. *See id.*

Defendants cite *In re Amezaga* 195 B.R. 221 (D. Puerto Rico 1996) to support the imposition of sanctions. However, *Amezaga* exemplifies another situation in which the court only imposed sanctions on counsel after "numerous . . . . discovery abuses as well as personal attacks by defendants' counsel which clearly underscore the abandonment of civility, causing a standstill in this case." *Id.* at 224. During the deposition, defendants' counsel "engaged in extensive and unnecessary colloquy, asserted groundless objections, improperly objected and took every opportunity to interrupt and argue with opposing counsel." *Id.* at 228. Mr. Hawkins' behavior during Mr. Gibson's deposition is not parallel to counsel's behavior in *Amezaga* or other relevant sanctions cases.

Courts have typically imposed sanctions for egregious acts of counsel during depositions. Mr. Hawkins' conduct during the deposition does not rise to this level. On the record before the Court, the only evidence available indicates that Mr. Hawkins' assertion of a right to speak with the witness pursuant to 7030-1(h) was based on his good-faith belief that he was entitled to do so. While the Court believes that Mr. Hawkins should likely have realized in advance that the challenges he ultimately faced at the deposition could arise, and

5

believes that had he performed a significant amount of research into the issue of the current relationship between Mr. Gibson and the Plaintiff corporation, together with a thorough review of the law, he may have come to the same conclusions reached by the Court in the prior order—that 7030-1(h) was inapplicable to conferences between Mr. Hawkins and the witness. However, the law and rules were not so clear on this point as to render his failure to so conclude as an act of bad faith.[5]

With regard to Defendants' claim that Mr. Hawkins improperly counseled Mr. Gibson, there is no evidence to indicate that this occurred. 7030-1(e) prohibits "private, 'off the record' conferences . . . . during breaks or recesses regarding the **substance of the testimony at the deposition or examination,** except for the purpose of deciding whether to assert a privilege or to make an objection or to move for a protective order." SC LBR 7030-1(e) (emphasis added). Mr. Gibson and Mr. Hawkins did participate in private, off the record conferences during the recess of the deposition; however, this contact was apparently to hire Hawkins as Gibson's attorney. There is no evidence on the record before the Court to support the claim that Mr. Hawkins and Mr. Gibson spoke about the subject-matter of the deposition. Therefore, the Court finds that Mr. Hawkins did not violate 7030-1(e) and no sanctions will be imposed as a result of that allegation.

In summary, after a review of applicable caselaw[6], the Court finds that Mr. Hawkins did not commit any sanctionable conduct and no sanction will be imposed.

---

[5] The Court's decision on this matter required a substantial volume of time, discussion, thought, research and review.

[6] Other relevant caselaw includes: *Whatley v. SC Dept. of Pub. Safety*, 2007 WL 120848 (D.S.C. 2007) (enforcing sanctions against Plaintiff for repeatedly failing to comply with discovery requests and failing to appear at his deposition. The Court found that the "plaintiff acted in bad faith throughout the discovery process" and his excuses for failing to comply were "implausible."); *Barnette v. Adams Bros. Logging, Inc.*, 355 S.C. 588, 586 S.E.2d 572 (2003) (dismissing the Plaintiff's case for willfully disobeying the court's orders to authorize the release of certain records); and *Hutter v. Hutter*, 207 B.R. 981 (Bankr. D. Conn. 1997)

6

The Court directs both parties to SC LBR 7026-1(c).  Pursuant to this rule "[a]ny motion concerning discovery matters must contain a certification that counsel has conferred and explored with opposing counsel, or has in good faith attempted to confer and explore, the possibility of resolving the discovery matters in controversy."  SC LBR 7026-1.

The importance of strictly complying with this rule cannot be understated, especially in this case.  Consultations between parties promote judicial economy and ensure that the courts are not involved in disputes that can be privately resolved.  If properly utilized, this rule can prevent additional costs and attorney's fees by avoiding unnecessary litigation.  The requirement of the rule that parties "confer and explore" a resolution of discovery matters in "good faith" does not mean that they must never disagree and bring a matter before the court. However, it certainly does not mean that they can ignore the rule and assume that because there is a disagreement there can be no resolution, leading the movant to conclude that a good faith consultation would be unproductive. Rather, per the language of the rule and the opinion of the undersigned, the parties **must** *confer* about the matter in dispute and *explore* the possibility of resolving the matter. The term "confer" is defined as to "discuss something with somebody…to talk with somebody in order to compare opinions or make a decision."[7] "Explore" means "investigate or study something…to make a careful investigation or study of something… explore all possible avenues of research."[8] This means that the parties to a discovery dispute must not only discuss and define their disagreement, but they must also confer regarding the strengths and weaknesses of each position (which would require each party to adequately study the applicable facts and law, and to consider

---

(imposing a sanction on the debtor for blatantly defying the court's discovery orders for him to attend his deposition and undergo a physical examination).

[7] *Encarta World English Dictionary* (N. Am. ed. 2009).
[8] *Id.*

7

the risks and benefits of pursuing any dispute) and explore any possible compromise or temporary solution that will move the matter along to the next productive step.[9]

Certainly, there are times when one party is unavailable or uncooperative and therefore a consultation is not possible. In that case, a movant's certification should include details of the good faith yet unsuccessful attempts to confer. However, despite a disagreement between parties and even if there is mutual pessimism about possible resolution, parties to a discovery dispute should make significant efforts to have meaningful discussions about the matter in controversy before raising the issues in a pleading.

Mr. Martin's Motion did not contain a certification as is required by 7026-1(c) and this fact alone is sufficient grounds for the Court to refuse to entertain the Motion. However, although Mr. Martin filed the Motion in an attempt to resolve this dispute he is not solely responsible for compliance with 7026-1(c) on these facts. Mr. Hawkins raised the issues that led to the dispute by his disruption of the deposition, and Mr. Martin responded with this Motion to move the stalled matter forward. On these facts 7026-1(c) imposed duties on both Plaintiff and Defendants regardless of which party ultimately filed the pleading that initiated this Order.

**IT IS THEREFORE, ORDERED:**

1. That Defendants' Motion for Sanctions is **DENIED**;

2. That the parties must comply with SC LBR 7026-1(c) before bringing future discovery disputes before the Court.

---

[9] The Court notes that the terms "discuss" and "talk" are methods of communication traditionally executed in person or on the telephone. Certainly successful communication can be executed by correspondence and email. However, if those methods fail to resolve the matter, a more personal method of communication may be necessary to attempt to resolve the matter in good faith before Rule 7026-1 can be satisfied.